IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-HC-2071-BO

WILL ANDERSON,
    Petitioner,

v.    **ORDER**

HARRY LAPPIN, et al.,
    Respondents.

Will Anderson filed this complaint in the United States District Court for the District of Columbia. The complaint was construed as a petition for a writ of habeas corpus and transferred to this district by order of that court filed February 17, 2009.[1] (D.E. # 3, Court Order) Furthermore, petitioner was on notice of the construction of his petition as one in habeas through the court order. Petitioner next moved, in this court, to amend the petition to name the proper respondent which was

---

[1] The United States District Court for hte District of Columbia, by written order, found as follows:

> The plaintiff purports to bring a Privacy Act and FOIA case for allegedly lost, destroyed or concealed documents that would show that his term of confinement in light of multiple sentences imposed has been miscalculated and that he should have been released on February 1, 2002. In short, at the heart of this case is a challenge to the duration of the prisoner's confinement.
>
> It is well established that the sole federal remedy for duration-of confinement claims is by a petition for *habeas corpus*. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Razzoli v. Fed. Bureau of Prisons, 230 F.3d 371, 374 (D.C. Cir. 2000); Chatman-Bey v. Thornburgh, 864 F.2d 804, 814 (D.C. Cir. 1988) (en banc); Monk v. Sec'y of the Navy, 793 F.2d 364, 366 (D.C. Cir. 1986). Thus, because plaintiff challenges the BOP's determination of the length of his confinement and thereby seeks relief that would have a "probabilistic impact" on the duration of his custody, Bourke v. Hawk Sawyer, 269 F.3d 1072, 1074 (D.C. Cir. 2001), he may proceed only by way of a petition for habeas corpus. . . . [T]he complaint will be construed as a petition for a writ of habeas corpus.

(D.E. # 3, Court of U.S. D. Ct. for D.C. Order)

allowed. (D.E. # 8, Court Order) He also requested money damages and appointment of counsel which were denied. (Id.)

Previously, on May 4, 2004, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Central District of California (hereinafter "first petition"). (Mem in Supp. of the Mot. to Dismiss, Ex. 1). Within the May 4th petition, he challenged his 288-month sentence imposed by the District Court for the District of Columbia. (Id.) On August 22, 2002, after finishing service of sentences imposed by the District of Columbia Superior Court for four offenses, petitioner began to serve the 288-month sentence. (Id.) It is this 288-month sentence he is now serving within the BOP.

The claims raised in the first petition were as follows: 1) the BOP wrongly refused to credit time served for his previous sentences toward his current sentence, 2) the BOP wrongly deaggregated his previous sentences, and 3) the BOP wrongly concealed or destroyed records. (Id.) The court dismissed the petition with prejudice finding: 1) the BOP properly calculated petitioner's current sentence as a consecutive sentence which did not begin to run until petitioner finished serving his previous sentences; 2) the BOP properly deaggregated his previous sentences when it was discovered erroneous aggregation of those sentences; and 3) petitioner's claim regarding the missing documents was wholly unsupported and, in any event, the documents he claims are missing would have no bearing on the merits of his habeas petition. (Id.)

The claims before this court also raise claims regarding the same 288 month period of incarceration. Specifically, the claims are as follows: 1) the knowing destruction of documents material to petitioner's U.S. Marshal's detainer; 2) conspiracy to deny petitioner procedural due process in maintaining his prison records; 3) the wrongful deaggregation of petitioner's previous sentences; 4) procedural due process in depriving petitioner of his release from the full expiration

2

of his first term of prison; and 5) destruction of records regarding contested BOP records. (Pet., including attachments)

The abuse of the writ doctrine mandates dismissal of claims presented in habeas petitions if the claims were raised, or could have been raised in an earlier petition. McCleskey v. Zant, 499 U.S. 467, 489 (1991); Noble v. Barnett, 24 F.3d 582, 585 (4th Cir. 1994). Courts have interpreted the AEDPA requirements to apply equally to successive habeas petitions under 28 U.S.C. § 2241. See, e.g., Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008); and Peoples v. Chatman, 393 F.3d 1352, 1353 (11th Cir. 2004). Here, petitioner is raising similar claims as raised in his first petition and dismissed by the United States District Court for the Central District of California. (See, Mem. in Supp. of the Mot. to Dismiss, Ex. 1). This is an abuse of the writ, and the matter is dismissed.

Accordingly, respondent's motion to dismiss is ALLOWED. Having so determined, all other pending motions are DENIED as MOOT.

SO ORDERED, this the _4_ day of August 2010.

TERRENCE W. BOYLE
United States District Judge